UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY GHAFFARI,

    Plaintiff,

    v.

WELLS FARGO BANK. N.A., *et al.*,

    Defendants.

Civil Action No. 13-115 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiff Anthony Ghaffari filed this suit against Wells Fargo Bank, the Federal Home Loan Mortgage Association, and the law firm of Phelan Hallinan, LLP. He asserts several federal causes of action that arise from a foreclosure proceeding that is being concurrently litigated in the Pennsylvania Court of Common Pleas for Centre County. Given that Phelan's motion to dismiss has been granted and Plaintiff has voluntarily dismissed all claims against Freddie Mac, Wells Fargo is the only remaining Defendant in the case, and it now moves to dismiss.

Plaintiff's causes of action against Wells Fargo include a claim for enforcement of the 2012 National Mortgage Consent Judgment entered into between the Government and Wells Fargo in United States v. Bank of America, No. 12–361 (D.D.C.). Defendant argues that such a claim should be dismissed on the ground that Plaintiff lacks standing to sue for violations of the Consent Judgment. Wells Fargo is correct. As a result, venue is no longer proper here since its only basis was this Court's original jurisdiction over all claims relating to the Consent Judgment. The Court, therefore, will dismiss the Consent Judgment claim and transfer the remainder of the case to the Middle District of Pennsylvania.

1

**I.     Background**

Plaintiff's suit originates from foreclosure proceedings in Pennsylvania. Although the Court need not resolve any property questions for purposes of this Motion, some detail helps to inform the ultimate decision. The factual allegations set forth in the Amended Complaint are as follows: In January 2012, Plaintiff fell behind on his mortgage payments to Wells Fargo. See Am. Compl. at 6. He contacted a loan-service officer at the bank, who informed him that in order to qualify for a loan modification, Plaintiff needed to remain at least 90 days in arrears. Id. Although he remained in arrears for 90 days and provided the loan specialist with all of the information she had requested, in March 2012 he was nevertheless informed that he was not eligible for a loan modification. Id. The specialist then told him that his file had been sent to Wells Fargo's attorney, Phelan Hallinan, LLP, for foreclosure proceedings. Id. at 7. Plaintiff tried unsuccessfully to speak with Phelan and other representatives of Wells Fargo to avoid these proceedings. Id. at 7-8. Phelan, nevertheless, filed a foreclosure action on behalf of Wells Fargo against Plaintiff in the Centre County Court of Common Pleas in central Pennsylvania. Id. at 9.

This frustrating treatment galvanized Plaintiff to bring this suit. He alleges six distinct causes of action against Wells Fargo: (1) The bank violated several terms of a National Mortgage Consent Judgment issued in 2012, see id. at 11-15; (2) Wells Fargo "failed to offer or make Plaintiff aware of counseling offered by the U.S. Department of Housing and Urban Development" in violation of 12 U.S.C. § 1701x(c)(5), see id. at 15; (3) Wells Fargo failed to comply with a pooling-and-servicing agreement entitled "Wells Fargo Mortgage Back Securities 2007-6 Trust" that Plaintiff asserts was incorporated into his mortgage, see id. at 16; (4) The bank violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, as a "debt collector," see id. at 16; (5) Wells Fargo violated the Office of the Comptroller of Currency Consent Agreement

#2013-132, see id. at 17; and (6) Wells Fargo failed to comply with the Equal Credit Opportunity Act, 15 U.S.C. § 1691. See id. at 19.

Ghaffari had originally alleged two different but related causes of action against Defendant Phelan, which acted as Wells Fargo's counsel in the concurrent state-court foreclosure action against Plaintiff. See Compl. at 7-9. In April 2013, this Court granted Phelan's motion to dismiss for lack of personal jurisdiction. See Ghaffari v. Wells Fargo Bank, N.A., 937 F. Supp. 2d 1 (D.D.C. 2013). After Plaintiff filed an Amended Complaint in July 2013 against the remaining Defendants, Fannie Mae and Wells Fargo, they filed a joint Motion to Dismiss. See ECF No. 45. A month later, in September 2013, Plaintiff voluntarily dismissed all claims against Fannie Mae. See ECF No. 48. The pending Motion to Dismiss now pertains only to Wells Fargo, the sole remaining Defendant.

## II. Legal Standard

While Defendant's Motion to Dismiss the first cause of action invokes the legal standards for dismissal under Federal Rule of Civil Procedure 12(b)(6), the appropriate standard is found in Rule 12(b)(1) because standing falls within the sphere of subject-matter jurisdiction.

In evaluating the Motion, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). This standard governs the Court's consideration of motions under both Rules 12(b)(1) and 12(b)(6). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action,

the allegations of the complaint should be construed favorably to the pleader."); Walker v. Jones, 733 F.2d 923, 925-26 (D.C. Cir. 1984) (same). The Court need not accept as true, however, "'a legal conclusion couched as a factual allegation,'" nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To survive a motion to dismiss under Rule 12(b)(1), Plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000). A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharms., 402 F.3d at 1253; see also Venetian Casino Resort, L.L.C. v. EEOC, 409 F.3d 359, 366 (D.C. Cir. 2005); Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

When presented with a motion to dismiss for improper venue under Rule 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." James v. Verizon Servs. Corp., 639 F. Supp. 2d 9, 11 (D.D.C.

2009). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003); Federal Practice and Procedure § 3826, at 258 ("[W]hen an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue."). "To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." Khalil v. L-3 Commc'ns Titan Grp., 656 F. Supp. 2d 134, 135 (D.D.C. 2009) (internal citation omitted). Unless there are "pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." Williams v. GEICO Corp., 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

## III. Analysis

The Court initially considers Defendant's Motion as it relates to Plaintiff's claim for violations of the National Mortgage Consent Judgment; the Court then will address the remaining venue issue.

### A. Subject-Matter Jurisdiction

Defendant first contends that Plaintiff may not assert a claim for alleged violations of the National Mortgage Consent Judgment because the Consent Judgment does not contemplate enforcement by third-party beneficiaries. As a result, Plaintiff lacks standing, thereby depriving the Court of subject-matter jurisdiction.

Article III of the Constitution limits the power of the federal judiciary to the resolution of "Cases" and "Controversies." U.S. Const. art. III, § 2; see also Allen v. Wright, 468 U.S. 737, 750 (1984) (discussing case-or-controversy requirement). Because "standing is an essential and unchanging part of the case-or-controversy requirement of Article III," Lujan, 504 U.S. at 560,

finding that a plaintiff has standing is a necessary "predicate to any exercise of [the Court's] jurisdiction." Fla. Audubon Soc'y v. Bentsen, 94 F.3d 658, 663 (D.C. Cir. 1996).

The National Mortgage Consent Judgment is the result of settlements between government entities and major mortgagees, including Wells Fargo, for alleged misconduct in home-mortgage practices. See No. 12-361, ECF No. 14 (Consent Judgment). Wells Fargo, for its part, agreed to pay over $5 billion in the Consent Judgment, without admitting any fault, in exchange for the release of certain liabilities related to, *inter alia*, unfair and deceptive consumer practices with respect to loan servicing, origination of loans, and foreclosure practices. See id., Exh. F (Federal Release) & Exh. G (State Release).

Plaintiff asserts that he has standing to seek relief for alleged violations of the Consent Judgment because he is a "third-party beneficiary to the consent [judgment]." Opp. at 9. Unfortunately for Ghaffari, "this circuit has opted for a bright line rule . . . that third parties to government consent decrees cannot enforce those decrees absent an explicit stipulation by the government to that effect." SEC v. Prudential Sec. Inc.,136 F.3d 153, 158 (D.C. Cir. 1998) (internal citation omitted).  In this case, the Consent Judgment specifically states that enforcement actions may be brought by a "Party to this Consent Judgment or the Monitoring Committee." See Consent Judgment, Exh. E (Enforcement Terms) at E-15.  Since Plaintiff is not a party and the Consent Judgment does not expressly provide for third-party enforcement, he does not have standing to enforce its terms. See Rafferty v. NYNEX Corp., 60 F.3d 844, 849 (D.C. Cir. 1995) ("Unless a government consent decree stipulates that it may be enforced by a third party beneficiary, only the parties to the decree can seek enforcement of it."); Beckett v. Air Line Pilots Ass'n, 995 F.2d 280, 288 (D.C. Cir. 1993) ("Only the Government can seek enforcement of its consent decrees; therefore, even if the Government intended its consent decree

6

to benefit a third party, that party could not enforce it unless the decree so provided.") (internal citation omitted).

In response, Plaintiff cites two cases, Miree v. DeKalb County, 433 U.S. 25 (1977), and Ayala v. Boston Housing Authority, 536 N.E. 2d 1082 (Mass. 1989), superseded by statute as recognized in Barnes v. Metro. Hous. Assistance Program, 679 N.E. 2d 545, 549 (1997), neither of which deals with government consent judgments. See Opp. at 10. In Miree, survivors of deceased passengers of an aircraft crash, the assignee of the jet-aircraft owner, and a burn victim brought a breach-of-contract claim as third-party beneficiaries of a contract between DeKalb County, Georgia, and the Federal Aviation Administration. See 433 U.S. at 25. Yet this contract had nothing to do with a government consent judgment, and the Supreme Court, in any event, never decided whether the plaintiffs in fact had standing as third-party beneficiaries. See id. at 33. Similarly, no government consent judgment appears in Ayala, where tenants of low-income housing claimed to be third-party beneficiaries of a contract between the Boston Housing Authority and the United States Department of Housing and Urban Development. See 536 N.E. 2d at 700. As the Court is bound by the bright-line rule this Circuit has established for government consent judgments, see Prudential Sec. Inc.,136 F.3d at 158, these cases are factually inapposite.

Plaintiff also refers to Title IV of the Consent Judgment, entitled "Claims and Other Actions Exempted from Release," as support for his enforcement claim. See Opp. at 9. This title states that claims asserted by third parties, including individual mortgage-loan borrowers, are specifically reserved notwithstanding any other term of the Judgment. See State Release at G-10. This means only that claims by individual borrowers, such as Plaintiff, are excluded from the Consent Judgment. In other words, such borrowers may still bring suits against Wells Fargo,

7

as Ghaffari has done here in his remaining counts, but not as third-party beneficiaries to the Consent Judgment.

Plaintiff, accordingly, has no standing to bring the first cause of action in his Complaint.

B. Venue

Having dismissed Count I, the Court must next consider whether venue remains proper in the District of Columbia. The ordinary rule is that "venue must be established as to each separate cause of action." Beattie v. United States, 756 F.2d 91, 100 (D.C. Cir. 1984), abrogated on other grounds by Smith v. United States, 507 U.S. 197 (1993). A district court, nevertheless, has discretion in deciding whether to apply the principle of pendent venue to remaining causes of action in a suit where one principal cause of action is the basis for venue. Id. at 103; Reuber v. United States, 750 F.2d 1039, 1048 (D.C. Cir. 1984), abrogated on other grounds by Kauffman v. Anglo-Am. Sch. of Sofia, 28 F.3d 1223 (D.C. Cir. 1994). Pendent venue, however, cannot be used to allow a cause of action "to hang from [another] cause of action that ha[s] become moot, and [where] appellant [cannot] fit his claim under the general venue provisions for federal question cases set out in 28 U.S.C. § 1391(b)." Cameron v. Thornburgh, 983 F.2d 253, 257 (D.C. Cir. 1993) (transferring venue when sole count providing venue dismissed); see also Beattie, 756 F.2d at 104 (holding that only because parties were properly before district court on one claim was it proper to give other claims pendent venue).

For venue in the District of Columbia, Plaintiff relies on the Consent Judgment, which provides that the "Servicer's obligations under this Consent Judgment shall be enforceable solely in the U.S. District Court for the District of Columbia." Enforcement Terms at E-14-15; see also Am. Compl. at 3. Yet, given the dismissal of Count I, such reliance is now improper. The Court must thus assess whether any other basis for venue exists for the remaining causes of action.

8

Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a district where a defendant resides; (2) a district in which a substantial part of the events giving rising to the claim occurred; or (3) if there is no district where the action may be brought, any district where a defendant is subject to the court's personal jurisdiction.

Looking at the first prong, Defendant correctly asserts that it is not a resident of the District of Columbia for purposes of this case. Pursuant to 28 U.S.C. § 1391(c)(2), a corporate defendant is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." In the District of Columbia, to establish personal jurisdiction over a foreign corporation, a court must first "examine whether jurisdiction is applicable under the state's long-arm statute" before "determin[ing] whether a finding of jurisdiction satisfies the constitutional requirements of due process." GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).

Since Wells Fargo's actions that give rise to this suit did not occur in the District of Columbia, the only relevant statutory basis for the exercise of personal jurisdiction over it here is D.C. Code § 13-334(a), establishing "general" personal jurisdiction over foreign corporations. Plaintiff, however, may not invoke § 13-334(a) unless the corporation was served within the District of Columbia. See Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C. Cir. 2002) ("Where the basis for obtaining jurisdiction over a foreign corporation is § 13–334(a) . . . a plaintiff who serves the corporation by mail outside the District is 'foreclosed from benefitting from [the statute's] jurisdictional protection.'") (quoting Everett v. Nissan Motor Corp., 628 A.2d 106, 108 (D.C. 1993)). Because Plaintiff failed to serve Defendant in the District of Columbia, see ECF No. 10 (return-of-service affidavit), Wells Fargo is not deemed to reside here in this case for venue pursuant to 28 U.S.C. § 1391(b)(1).

9

As to the second prong, Defendant also correctly asserts that none of the events that form the basis of Plaintiff's Complaint occurred in the District of Columbia. Plaintiff's suit arises solely from foreclosure proceedings in Pennsylvania. Aside from the enforcement claim based on the Consent Judgment, which was found not to be viable, Plaintiff makes no other allegations in his Complaint or Opposition that relate to the District of Columbia.

When venue is improper, the Court must dismiss the suit or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although the decision to transfer or dismiss is committed to the sound discretion of the district court, the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962). Here, the Court believes that the interests of justice require that this case be transferred to a court with proper venue. As Plaintiff's suit could have been brought in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b)(2), that is where this case will be transferred.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss as to Count I and transfer what remains of the case to the Middle District of Pennsylvania. A separate Order consistent with this Opinion will be issued this day.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: November 19, 2013